9163

NATIONAL BANK OF AUGUSTA v. WARREN, RECEIVER.

(86 S. E. 21.)

RECEIVERS.   SUITS AND JUDGMENTS AGAINST.   JUDGES.

1. RECEIVERS—SUITS AGAINST.—An order appointing a receiver, and requiring permission of Court before any action to be brought against him, does not enjoin creditors from suing.
2. RECEIVERS—SUIT AGAINST.—By answering to the merits in an action a receiver waives objection to an order permitting the institution of such action against him.
3. RECEIVERS—SUITS AGAINST—JUDGES.—Where an order of a Judge appointing a receiver requires permission of the Court to be obtained, after notice to the receiver, before the institution of actions against him, a succeeding Judge in the same Court has power to grant such permission to sue.
4. COURTS—RES JUDICATA.—An order unappealed from becomes *res judicata,* and a succeeding Judge has jurisdiction to proceed in accordance therewith.
5. RECEIVERS — JUDGMENTS. — A judgment against a receiver merely establishes the claim and, gives the creditor no preference, but a right to share in the fund administered by the Court through such receiver.

Before BOWMAN, J., Hampton, October, 1914.   Affirmed.

Action at law by The National Bank of Augusta, plaintiff-respondent, against J. Q. Stillwell, as receiver of the Farmers Cotton Oil Company, *et al.,* defendant-respondent, and Warren, as receiver of H. Ginn, appellant.

From judgment for plaintiff, the defendant, Warren, as receiver of the estate of Ginn, appeals.   The facts are stated in the opinion.

*Mr. E. F. Warren,* appellant, in *pro. per.,* cites: Code Civil Proc., secs. 347 and 348.

*Mr. Randolph Murdaugh,* for respondent, cites: 97 S. C. 457; 34 S. C. 468.

August 18, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from a final decree made by his Honor, Judge Bowman, at the October term of Court, 1914, for Hampton county; and the appellant states the facts in his "Points and Authorities" as being as follows: "This is an action by the plaintiff-respondent against the Brunson Cotton Oil Company as maker of a note and a number of endorsers of the note, defendants-appellants, H. Ginn being one of the endorsers, and his receiver, E. F. Warren, is the only one now before the Court.

On the ―――― day of February, 1913, H. Ginn died intestate, after suit had been commenced against the maker and endorsers of the said note and H. Ginn had filed his answer. The executors of Ginn's will adopted his answer to the complaint.

The executors of the will of H. Ginn commenced a suit in the Circuit Court for Hampton county among themselves, alleging insolvency and threatened suits, for the appointment of a receiver, and on the 13th of September, 1913, Judge Memminger in the suit appointed E. F. Warren receiver of the estate and effects of Ginn. The attention of the Court is here called to that part of the said order and the latter part of folio 15.

The advertisement was duly published under said order of Judge Memminger, and claims amounting to thirty-odd thousand dollars were filed with the receiver, the plaintiff-respondent not having filed its claim as required by the order of Judge Memminger.

On the 30th day of January, 1914, Judge Rice passed an order authorizing the plaintiff-respondent to make E. F. Warren, receiver of the estate of H. Ginn, a party hereto. Notice of appeal was given from this order, but afterwards abandoned for the reason that the receiver reached the con-

clusion that Judge Rice had no jurisdiction to pass such an order in the face of Judge Memminger's order.

Under the order of Judge Rice, E. F. Warren, receiver, filed an answer to the complaint under protest.

At October, 1914, term of the Court, the cause came on to be heard before Judge Bowman, at Hampton, and the issues were raised by the receiver for H. Ginn, to wit: 1. That H. Ginn owned real estate, and any judgment that might be rendered against him would be a lien upon his real estate in preference to the common creditors who had proved their claims before the receiver under the order of Judge Memminger appointing the receiver for the estate of H. Ginn. 2. That Judge Rice had no jurisdiction to authorize a suit against E. F. Warren, receiver for the estate of H. Ginn, in the face of the scope of the order of Judge Memminger appointing the receiver. 3. That if this Court should render a judgment in the cause, that the Court should pass an order that that order will not be effective until the final settlement of H. Ginn's estate." The exceptions raise substantially the objections urged before Judge Bowman. The first exception is overruled. Judge Memminger in his order appointing a receiver did not enjoin suits against the receiver, but provided before action was instituted permission must be had and obtained from the Court and four days' notice given of such application. This notice was given to receiver and receiver ignored it, and Judge Rice made the order which was not appealed from, and later when the complaint was amended and the receiver made a party and served, he answered on the merits of the case. Judge Rice had jurisdiction and authority to make the order, and it being unappealed from the receiver cannot now complain. The other exceptions are overruled.

Judge Bowman had jurisdiction to try the case and render judgment against the receiver of Ginn. Judge Rice had

power and authority to make the order he did making the receiver a party. The receiver answered on the merits and did not appeal from Judge Rice's order, and Judge Bowman could not review Judge Rice's order. Judge Rice's order unappealed from became *res adjudicata*. The judgment rendered by Judge Bowman does not give any preference over other creditors who had established their claims under the order of Judge Memminger appointing a receiver and calling in creditors, but simply fixes the amount and allowed to come in and share in any fund administered by the Court through its receiver appointed by order of Judge Memminger. Ginn is dead and the judgment against the receiver is nothing more in priority or preference than it would have been if obtained against the executors of Ginn.

Exceptions overruled. Judgment affirmed.